UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSARIO DIGIROLAMO,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action No. 14-3431 (FLW)<br><br><br>OPINION |

**WOLFSON, United States District Judge:**

### I.     INTRODUCTION

Petitioner Rosario DiGirolamo ("Petitioner"), confined at New Jersey State Prison, Trenton, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his conviction by the State of New Jersey for aggravated manslaughter, N.J.S.A. 2C:11-4.  At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief.  For reasons stated below, the Court dismisses the Petition as untimely.

### II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only the facts relevant to this Opinion.  Petitioner pled guilty to aggravated manslaughter, N.J.S.A. 2C:11-4, and was sentenced to a prison term of twenty-five years, subject to the No Early Release Act ("NERA").  (ECF No. 5 at 3.)  Petitioner lists the date of his conviction and sentencing as February 9, 2011.  (*Id.*)  Plaintiff appealed, and on March 8, 2012, the New Jersey Appellate Division affirmed his conviction and sentence in an unpublished opinion.  *See State v. DiGirolamo*, 2012 WL 738591, at *10 (N.J. Super. App. Div. Mar. 8,

2012). (ECF No. 5 at 4.) Petitioner filed a petition for certification with the New Jersey Supreme Court, which was denied on September 25, 2012, *State v. DiGirolamo*, 212 N.J. 199 (September 25, 2012), but did not subsequently file a petition for certiorari with the Supreme Court of the United States.[1]  Petitioner also did not file a petition for post-conviction relief ("PCR") in New Jersey State Court.

Proceeding *pro-se*, Petitioner executed his Petition on May 20, 2014, and it was docketed on May 27, 2014.  On July 21, 2014, the Court administratively terminated Petitioner's case because he submitted his petition on the wrong form and did not name the warden of New Jersey State Prison as a respondent.[2]  (ECF No. 2.)  On August 28, 2014, Petitioner submitted an amended Petition.  (ECF No. 3.)  The Court again administratively terminated Petitioner's case because he failed to name the warden as a respondent.  (ECF No. 4.)  On October 23, 2014, Petitioner submitted another amended Petition using the appropriate form and naming Stephen D'Ilio as a Respondent.  (No. 5.)  On March, 10, 2015, the case was transferred to the undersigned.  (ECF No. 6.)

### III. ANALYSIS

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes

---

[1] Although the inverse is true, Petitioner's Petition indicates that he did not file a petition for certification with the New Jersey Supreme Court but did file a petition for certiorari with the Supreme Court of the United States.  (*See* ECF No. 5 at 4-5.)

[2] In administratively terminating Petitioner's case, the Court explained to Petitioner that "administrative termination is not a 'dismissal' for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely." (ECF No. 2 (citing *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals).)

"final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.  *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13; *see also* 28 U.S.C. § 2244(d)(1)(A) (the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires.  *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n. 1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

Where applicable, the one-year limitation period is tolled during the time that a valid state post-conviction review is pending.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed.  *Swartz v. Meyers*, 204 F.3d at 420-24.  This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief.

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

A Petitioner that is not entitled to statutory tolling may be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from

4

asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Here, Petitioner's conviction and sentence was imposed on February 9, 2011.  His conviction and sentence were affirmed by the New Jersey Appellate Division on March 8, 2012.  The New Jersey Supreme Court denied his Petition for certification on September 25, 2012, and he did not file a petition for certiorari with the Supreme Court of the United States; nor did he file a petition for post-conviction relief.  Assuming for purposes of the Opinion that Petitioner timely filed both his notice of appeal with the New Jersey Appellate Division and his petition for certification with the New Jersey Supreme Court and giving Petitioner the benefit of the 90-day period for a petition for writ of certiorari to the Supreme Court of the United States, Petitioner's conviction and sentence became final for the purposes of AEDPA on December 24, 2012.  This means that the AEDPA statute of limitations period expired, without statutory tolling, on December 24, 2013, one year after his conviction and sentence became final.  Petitioner is not entitled to statutory tolling because he did not file a petition for post-conviction relief.  Thus, because Petitioner did not file his Petition for habeas relief until May 20, 2014, nearly five months after the AEDPA statute of limitations period expired, the instant Petition is untimely.  Because Petitioner alleges no grounds for equitable tolling, the Court finds that the Petition is time-barred by AEDPA.

## IV. CONCLUSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court dismisses the Petition as untimely under AEDPA.  An appropriate Order follows.  If Petitioner has valid reasons why equitable tolling should be applied, Petitioner may file a motion to reopen stating those reasons within 30 days from the date of entry of the accompanying Order.

s/Freda L. Wolfson  
Freda L. Wolfson, U.S.D.J.

Date:  June 16, 2015